1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Mark Philip Sullivan,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondents | CV-07-1157-PHX-ROS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 11, 2007 (#1). On August 15, 2007 Respondents filed their Answer (#8). Petitioner filed a Reply on November 15, 2007 (#13).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Acting on an anonymous tip, the Maricopa County Sheriff's Office determined that Petitioner, a registered sex offender, had a young boy, aged 13, living with him. Upon conducting surveillance of Petitioner on March 12, 2003, they saw him and the boy leave Petitioner's home, with the boy driving the vehicle. They were stopped, and Petitioner was in possession of a baggie of marijuana and two drug pipes. The boy told officers that

Petitioner provided him with marijuana, and that he had just smoked marijuana with the defendant.  (Exhibit F, Presentence Investigation at 1-3; Exhibit N, M.E. 3/22/05 at 1.) (Exhibits to the Answer, #8, are referenced herein as "Exhibit ___.")

**B. PROCEEDINGS AT TRIAL**

**Indictment** - Petitioner was eventually arrested, and on March 27, 2003, Petitioner was indicted on one count of possession of marijuana, one count of possession of drug paraphernalia, and one count of involving minors in drug.  (Exhibit A, Indictment, CR2003-031833.)  In particular, Count 3 of the Indictment alleged:

> MARK PHILIP SULLIVAN, on or about the 12th day of March, 2003, knowingly **hired, employed, or used**, or attempted to or conspired to **hire, employ, or use** or solicited or facilitated the **hiring, employment or use** of [the victim], a minor, to engage in prohibited conduct involving marijuana, to wit: Possession of Marijuana, 13-3405, in violation of A.R.S. §§ 13-3401, 13-3405, 13-3409, 13-3418, 13-701, 13-702, 13-702.01 and 13-801.

(Exhibit A at 2 (emphasis added).)  The statutes pertinent to that count provided as follows:

> A person shall not knowingly:
> 1. **Hire, employ or use** a minor to engage in any conduct, completed or preparatory, which is prohibited by §§ 13-3404, 13-3404.01 and 13-3405 through 13-3408.
> 2. **Sell, transfer or offer** to sell or transfer to a minor any substance if its possession is prohibited by §§ 13-3404, 13-3404.01, 13-3405, 13-3407 and 13-3408.

Ariz. Rev. Stat. § 13-3409(A) (as amended through 1998) (emphasis added).

> A person shall not knowingly:
> 1. **Possess or use marijuana**.
> 2. Possess marijuana for sale.
> 3. Produce marijuana.
> 4. Transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana.

Ariz. Rev. Stat. § 13-3405(A) (as amended through 1996) (emphasis added).

Subsequently, the State moved to amend the indictment to a heightened offense under Ariz. Rev. Stat. § 13-3409(B) on the basis that the involved minor was under the age of 15. (Exhibit B, Motion.)  An Addendum to Indictment was then filed to allege that Petitioner had a prior conviction.  (Exhibit B, Addendum.)

**Sexual Conduct Case** - In a separate case, CR2003-033415, Petitioner was charged with one count of sexual conduct with a minor (the victim in the drug case), one count of witness tampering, and one count of resisting arrest.  (Exhibit C, Settlement Conference Memo.)  Various motions and proceedings for that case were consolidated with those for the instant case.  However, Petitioner does not challenge the conviction or sentence in the sexual conduct case.

**Competency Challenge** - The Deputy Public Defender's office was appointed to represent Petitioner, and counsel Bethanne Klopp-Bryant proceeded to challenge Petitioner's competency to stand trial.  The matter was submitted on the basis of written competency evaluations, and Petitioner was found to be competent to stand trial.  (Exhibit D, M.E. 11/18/03.)

**Plea & Withdrawal** - Thereafter, having entered into a plea agreement, Petitioner entered a plea of guilty to one count of involving a minor in a drug offense, and the matter was set for sentencing. Petitioner was represented in the proceedings by attorney Lance Antonson, of the Deputy Public Defender's office.  (Exhibit G, M.E. 2/12/04.)  The State filed a sentencing memorandum (Exhibit E), recommending a 20 year sentence on the instant case, and supervised lifetime probation in the sexual conduct case.  The Presentence Investigation (Exhibit F) recommended a presumptive term in this case, and supervised lifetime probation in the sexual conduct case.  The report writer recorded that Petitioner had a history of sexual abuse by parents as a child, drug abuse, a bi-polar disorder, and repeated suicide attempts.  (*Id.* at 4.)

At the time set for sentencing, the Court advised the parties that it intended to reject the Plea Agreement.  Consequently, Petitioner withdrew his guilty plea.  (Exhibit G, M.E. 3/11/04.)  At Petitioner's request, the matter was reassigned to a new judge.  (Exhibit G, M. E. 3/22/04 re Reassignment - Plea Reinstated.)

**Renewed Plea and Sentencing**  - Petitioner again entered a change of plea pursuant to the Plea Agreement on March 22, 2004, pleading guilty to the count of "Involving a Minor in a Drug Offense," in violation of *inter alia* "A.R.S. § ... 13-3409."  In the course of that

proceeding, Petitioner "admitted that he provided marijuana to the victim." (Exhibit N, M.E. 3/22/05 at 2.)

Petitioner waived preparation of a presentence report and time for sentencing and proceeded directly to sentencing.  (Exhibit G, M.E. 3/22/04 re Plea Agreement/Change of Plea.)  Petitioner was sentenced to 20 years on Count Three, and the remaining counts were dismissed.

## C.  PROCEEDINGS ON DIRECT APPEAL

Having pled guilty, Petitioner had no right of direct appeal.  Ariz. Rev. Stat. § 13-4033(B).  He filed no direct appeal.  (Petition, #1 at 2.)

## D.  PROCEEDINGS ON POST-CONVICTION RELIEF

On April 2, 2004, Petitioner filed a Notice of Post-Conviction Relief (Exhibit I). Counsel was appointed, and subsequently filed a Notice of Completion of Post-Conviction Review (Exhibit J), espousing an inability to find an issue for review.  Petitioner then filed his *pro per* Petition for Post-Conviction Relief (Exhibit K), arguing:

1.   Trial counsel was ineffective in failing to adequately advise Petitioner of the nature of the charges, and in advising Petitioner to plead guilty to charges for which there was no factual basis.  (Exhibit K at 6-8.)

2.   Petitioner's federal due process rights were violated because his guilty plea was unlawfully induced because there was no factual basis to support the charge, inasmuch as the statute (Ariz. Rev. Stat. § 13-3409) proscribed use of minors by drug dealers, not simply providing drugs to a minor, and because the minor was not in possession of drugs at the time of the arrest.  (*Id.* at 8-10.)

The trial court concluded that all of Petitioner's claims hinged on his argument that there was no factual basis for the offense to which he pled.  The court found that at the change of plea proceeding Petitioner admitted giving marijuana to the 13 year old victim. The court also found that "[p]roviding marijuana to a minor satisfies the proof requirements

of involving a minor in a drug offense under A.R.S. § 13-3409." (Exhibit N, M.E. 3/220/5 at 2.)  Accordingly, the petition was summarily dismissed.  (*Id.*)

Petitioner filed a Motion for Rehearing (Exhibit O), arguing that the court erred in summarily dismissing his petition without addressing his claims of ineffectiveness and lack of a factual basis.  The court denied that motion, finding that counsel was not ineffective for failing to advise Petitioner about lesser charges for which he had neither been indicted nor offered to plead to by the State.  The court again found that there was a factual basis for the charge to which he pled.

**Petition for Review** - Petitioner then filed a Petition for Review (Exhibit Q) by the Arizona Court of Appeals, arguing:

1.      The trial court erred in finding that Petitioner's conduct was prohibited by Ariz. Rev. Stat. § 13-3409.

2.      The application of § 13-3409 to Petitioner's conduct made the statute unconstitutionally  overbroad, resulting in a violation of Petitioner's federal due process rights.

3.      Trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) because she advised Petitioner to plead guilty to charges for which there was no factual basis.

4.      There was no factual basis for his guilty plea.

The petition for review was summarily denied.  (Exhibit S, order 7/10/06.)

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

Petitioner filed his federal Petition for Writ of Habeas Corpus (#1) on June 11, 2007, asserting five grounds for relief:

1.      Petitioner was improperly charged under Ariz. Rev. Stat. § 13-3409.

2.      Counsel was ineffective for:

a.      Failing to meet with Petitioner.

b.      Failing to attend the presentence investigation interview.

c. Failing to present mitigating evidence.

d. Failing to advise the court of Petitioner's mental illness and lack of treatment at the time of the offense.

e. Waiving Petitioner's presence at the settlement conference.

f. Failing to present statements of family, friends etc. at sentencing.

3. The 20 year sentence imposed is cruel and unusual punishment in violation of the Eighth Amendment.

4. Petitioner's guilty plea was not intelligently entered, as a result of his mental illness and medications.

5. The amendment of the indictment was unlawful, and denied the court jurisdiction over Petitioner.

Respondents filed their Answer (#8), conceding that the Petition was timely, arguing that Grounds 2 through 5 are unexhausted and procedurally defaulted, and that all of the grounds for relief are without merit.

Petitioner filed a Reply (#8) arguing the merits of his claims.

### III. APPLICATION OF LAW TO FACTS

### A. EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner alleges in his Petition that each of his grounds for relief were presented in his first post-conviction relief proceeding. Respondents argue that with respect to Grounds 2, 3, 4, and 5, Petitioner did not present his federal claims in that proceeding, and he has now procedurally defaulted. Petitioner does not address the exhaustion issue in his Reply.

### 1. Exhaustion Requirement

**Exhaustion Required** -Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the

burden is on the petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

**Proper Proceeding** - Ordinarily,  "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994) "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

**Fair Presentment** - To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented."  That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.  28 U.S.C. § 2254;  *Picard v. Connor,* 404 U.S. 270, 276-277 (1971).  A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

**2.  Unexhausted Grounds**

**Ground Two: Ineffective Assistance of Counsel** - Respondents argue that Petitioner's claims in Ground Two all relate to the assistance of attorney Lance Antonson, and that his only exhausted claims relate to assistance of attorney Bethanne Klopp.  The pleadings most relevant to Petitioner's exhaustion is his Petition for Review to the Arizona Court of Appeals.  In that filing, he did not identify the specific counsel, but simply argued that "petitioner's attorney" was ineffective for advising "petitioner to plead to the [sic] involving a minor in a drug offense charge, as there is no factual basis to support the charge." (Exhibit Q, PFR at 4-5.)  It is true that in his PCR Petition he made specific reference to "Mr.

1    Sullivan's Attorney, Bethanne Klopp." That reference was limited to noting her having filed

2    a "Rule 11 Motion" challenging Petitioner's competence. (Exhibit K, PCR Petition at 6.)

3    However, the remainder of the petition simply referred to "Mr. Sullivan's Attorney," and

4    made clear that he was challenging the advice he received in the course of entering his guilty

5    plea, *i.e.* the failure to advise him of the lack of a factual basis. Even if there had been a

6    misnomer in identifying the specific counsel, the operative facts in an ineffectiveness claim

7    are not the name of the counsel, but the actions or failure to act alleged to be deficient.

8    Irrespective of the identity of the particular counsel, it is plain that Petitioner never

9    argued to the PCR court or the Arizona Court of Appeals any claim that counsel: (a) failed

10   to meet with Petitioner, (b) failed to attend the presentence investigation interview, (c) failed

11   to present mitigating evidence, (d) failed to advise the court of Petitioner's mental illness and

12   lack of treatment at the time of the offense[1], (e) waived Petitioner's presence at the settlement

13   conference, or (f) failed to present statements of family, friends etc. at sentencing. Thus,

14   none of the factual bases for Petitioner's assertion of ineffective assistance in Ground Two

15   were ever presented to the state courts. Oddly, the only claim on ineffectiveness raised to

16   the state courts, the claim that counsel failed to properly advise Petitioner about the factual

17   basis of his plea, is not asserted in this habeas petition.

18   Thus, the undersigned finds that Petitioner failed to exhaust his claims in Ground

19   Two.

20   **Ground Three: Cruel and Unusual Punishment** - In his Ground Three, Petitioner

21   argues that the 20 year sentence imposed is cruel and unusual punishment in violation of the

22   Eighth Amendment. Petitioner argues in his Reply that he "made it very clear he was

23   bringing this issue to the courts." (#13 at 5.) However, Petitioner does not reference where

24   or when he did so. At no time in his PCR proceedings did Petitioner reference the Eighth

25

26   _____

27   [1] Petitioner's PCR Petition did reference his mental illness etc. That reference was limited to pointing out counsel's need to take care in advising Petitioner, and did not suggest

28   that counsel should have argued those factors to the court beyond what was done in determining Petitioner's competency. (Exhibit K at 6.)

Amendment or make any argument attacking his sentence as cruel and unusual. Accordingly, the undersigned finds that Petitioner failed to exhaust his claims in Ground Three.

**Ground Four: Unintelligent Plea** - In his Ground Four, Petitioner argues that his guilty plea was not intelligently entered, as a result of his mental illness and medications. (Petition, #1 at 8.) Respondents correctly note Petitioner's argument in his PCR Petition that his mental condition should have been considered by counsel, but he never argued that his plea was rendered unintelligent or involuntary as a result of that condition. (Answer, #8 at 15, citing Exhibit K, PCR Petition at 6.) Respondents further correctly note that Petitioner's only basis for attacking his plea in his PCR proceedings was the absence of a factual basis. (*Id.*, citing Exhibit K at 7.) Accordingly, the undersigned finds that Petitioner failed to exhaust his claims in Ground Four.

**Ground Five: Unlawful Amendment of Indictment** - In his Ground Five for relief, Petitioner argues that the amendment of the indictment was unlawful, and denied the court jurisdiction over Petitioner. (Petition #1 at "7" (physical page 9).) Respondents correctly note that Petitioner never raised this claim to the state courts. (Answer, #8 at 18.) Accordingly, the undersigned finds that Petitioner failed to exhaust his claims in Ground Four.

**Summary re Exhaustion** - Based on the foregoing, the undersigned finds that Petitioner failed to exhaust his state remedies on the claims presented in Grounds Two, Three, Four and Five.

**3.  Procedural Default**

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a

1   "miscarriage of justice" which would  excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11
2   (1984).

3       Respondents argue that Petitioner may no longer present his unexhausted claims to
4   the state courts.  Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim.
5   Proc. 32.2(a) to establish the procedural default.  (Answer, #8 at 6.)  Because of the limited
6   development of Arizona law on the exception for claims of "sufficient constitutional
7   magnitude," *see Stewart v. Smith,* 536 U.S. 856 (2002), and the applicability of other clear
8   procedural bars, the undersigned does not reach Respondents' argument on the applicability
9   of that particular preclusion bar.

10      **Remedies by Direct Appeal** - As a result of his guilty plea Petitioner has no right to
11  direct appeal.  Ariz. Rev. Stat. § 13-4033(B).  Accordingly, direct appeal is not available for
12  review of Petitioner's unexhausted claims.

13      **Remedies by Post-Conviction Relief** - Petitioner can no longer seek review by a
14  subsequent PCR Petition.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction
15  relief (other than those which are "of-right") be filed "within ninety days after the entry of
16  judgment and sentence or within thirty days after the issuance of the order and mandate in
17  the direct appeal, whichever is the later."  *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357
18  (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading
19  defendant deemed direct appeal for purposes of the rule).   That time has long since passed.

20      While Rule 32.4(a) does not bar dilatory claims if they fall within the category of
21  claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any
22  of these exceptions are applicable to his unexhausted claims.   Nor does it appears that such
23  exceptions in Rule 32.1 would apply to this claim.   The rule defines the excepted claims as
24  follows:

25          d. The person is being held in custody after the sentence imposed has
            expired;
26          e. Newly discovered material facts probably exist and such facts
            probably would have changed the verdict or sentence. Newly
27          discovered material facts exist if:
            (1) The newly discovered material facts were discovered after the trial.
28          (2) The defendant exercised due diligence in securing the newly

1   discovered material facts.
2   (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance
3   at trial such that the evidence probably would have changed the verdict or sentence.
4   f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on
5   the defendant's part; or
6   g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
7   h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no
8   reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would
9   not have imposed the death penalty.

10   Ariz.R.Crim.P. 32.1.

11   Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona

12   prisoner who is simply attacking the validity of his conviction.  Where a claim is based on

13   "newly discovered evidence" that has previously been presented to the state courts, the

14   evidence is no longer "newly discovered" and paragraph (e) has no application.  Moreover,

15   Petitioner makes no allegation that the facts underlying his claims were not previously known

16   to him.  Paragraph (f) has no application where the petitioner filed a timely notice of appeal

17   or had no right to appeal, and the notice of post-conviction relief of-right applies only to first

18   petitions filed within 90 days following a judgment based on a guilty or *nolo contendere* plea.

19   *See* Ariz.R.Crim.P. 32.1 (defining when petition of-right).  Paragraph (g) has no application

20   because Petitioner has not asserted a change in the law occurring since his last state PCR

21   petition.  Finally, paragraph (h) has no application to any of Petitioner's unexhausted claims,

22   none of which go to his guilt, but are only attacks upon the process at trial.[2]

23   Accordingly, the undersigned must conclude that review through Arizona's post-

24   conviction relief process is no longer possible.

25   **Cause and Prejudice** -  The undersigned concludes that Petitioner has procedurally

---

26   [2]  The only claim by Petitioner that relates in any way to his factual innocence is his

27   claim in Ground 1, asserting the lack of a factual basis for his plea.  That claim has been exhausted, and therefore would not be relevant to the timeliness of a new PCR petition on

28   his unexhausted claims.

defaulted on his unexhausted claims.  If a habeas petitioner has procedurally defaulted on a claim, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).  Petitioner's Reply (#13) offers no basis for a finding of cause and prejudice.  The undersigned finds none.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances.  *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).  Accordingly, failure to establish cause may also be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).  Petitioner makes no argument that he is actually innocent.

In Ground One, Petitioner essentially argues that his conduct lay beyond the reach of Ariz. Rev. Stat. § 13-409(A)(1).  For the reasons discussed hereinafter, the undersigned finds that argument to be without merit, and thus insufficient to assert a claim of actual innocence.

**Summary Re Procedural Default** - Petitioner's failed to exhaust his claims in Grounds Two, Three, Four and Five.  Those claims are now procedurally defaulted, and Petitioner has failed to show cause and prejudice or actual innocence to excuse that default. Accordingly, these Grounds must be dismissed with prejudice.

**B.  GROUND ONE: IMPROPER CHARGE**

In Ground One, Petitioner argues that he was charged under the wrong statute, because Ariz. Rev. Stat. § 13-3409 only proscribes "using" a minor for a drug offense, e.g. for selling, possessing, transporting, etc., and that he simply provided the minor with drugs for the minor's own use.  (Petition #1 at 5.)   The statute provides:

> A person shall not knowingly:
> 1. Hire, employ or use a minor to engage in any conduct, completed or preparatory, which is prohibited by §§ 13-3404, 13-3404.01 and 13-3405 through 13-3408.
> 2. Sell, transfer or offer to sell or transfer to a minor any substance if its possession is prohibited by §§ 13-3404, 13-3404.01, 13-3405, 13-3407 and 13-3408.

1   Ariz. Rev. Stat. § 13-3409(A) (as amended through 1998).

2        Respondents concede that the claim presented in Ground One is properly exhausted,

3   but argue that it involves a matter of interpretation of state law, and this "is [not] cognizable

4   in this federal habeas proceeding."  Respondents further argue that Petitioner has failed to

5   establish that the state court made an unreasonable determination of the facts in finding

6   Petitioner's conduct proscribed by the statute.

7

8   **1.  State Law Claim**

9        To the extent that Petitioner simply argues that the state court misinterpreted or

10  misapplied § 13-3409, that claim is a matter of state law.  A state prisoner is entitled to

11  habeas relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the

12  Constitution, laws or treaties of the United States.  Federal habeas relief is not available for

13  alleged errors in the interpretation or application of state law.  *Estelle v. McGuire*, 502 U.S.

14  62 (1991); *Middleton v. Cupp*, 768 F.2d 1083 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021

15  (1986).   "We have repeatedly held that a state court's interpretation of state law, including

16  one announced on direct appeal of the challenged conviction, binds a federal court sitting in

17  habeas corpus."  *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005).  Moreover, it has long been

18  understood that a state may violate its own law without violating the United States

19  Constitution.  *Gryger v. Burke*, 334 U.S. 728, 731 (1948).

20          We cannot treat a mere error of state law, if one occurred, as a denial
            of due process; otherwise, every erroneous decision by a state court on
21          state law would come here as a federal constitutional question.

22  *Id.*, 334 U.S. at 731.

23

24  **2.  Insufficiency of Evidence**

25       To the extent that Petitioner attempts to argue there was insufficient evidence, his

26  claim is also without merit.  It is true that the Due Process Clause of the Fourteenth

27  Amendment protects a defendant against conviction "except upon proof beyond a reasonable

28  doubt of every fact necessary to constitute the crime with which he is charged."  *In re*

- 13 -

1    *Winship*, 397 U.S. 358, 364 (1970).  However, Petitioner pled guilty.

> 2    a plea of guilty admits all averments of fact in the indictment, all defects not jurisdictional are cured, all defenses are waived and the
> 3    prosecution is relieved from the duty of proving any facts. The effect is the same as if appellant had been tried before a jury and had been
> 4    found guilty on evidence covering all of the material facts.

5    *U.S. v. Davis,* 452 F.2d 577, 578 (9th Cir. 1971).

6

7    **3.  Voluntariness of Plea**

8    At its heart, Petitioner argues that there was not a factual basis for the plea.[3]  The

9 requirements in the federal courts for a determination of a factual basis for a plea are derived

10 from Fed.R.Crim.P. 11.  However, Rule 11 is not applicable to the state courts, and there is

11 no constitutional requirement for a factual basis prior to accepting a guilty plea.  *U.S. v.*

12 *Newman*, 912 F.2d 1119 (9th Cir. 1990); *U.S. v. Tunning*, 69 F.3d 107 (6th Cir. 1995);

13 *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir.), *cert. denied*, 508 U.S. 977 (1993). However,

14 the courts have also recognized that a factual basis may be relevant to determining whether

15 a guilty plea is made knowingly and voluntarily.  *Id.*

16    Here, Petitioner does not contend that he did not admit to providing the minor with

17 marijuana.   Thus, Petitioner's assertion of involuntariness must rest upon a prior

18 determination that: (1) he pled only to a violation of subsection (A)(1) of Ariz. Rev. Stat. §

19 13-3409; and (2) the state court erred in finding that his admission of providing the minor

20 with marijuana established a violation of that statute.

21    **Charge to Which He Pled** - Petitioner's argument hinges on the assumption that he

22 pled guilty to a violation of subsection (A)(1), as opposed to subsection (A)(2).  This is so

23 because his admitted conduct of providing the minor with marijuana plainly contravenes

24 subsection (A)(2) which prohibits "transfer[ring]. . . to a minor [a substance whose]

25 possession is proscribed by . . . § 13-3405."

26    According to the minute entry from the change of plea, Petitioner simply pled guilty

27

28    [3]  This was the heart of Petitioner's challenge to the voluntariness of his plea in his PCR Petition (Exhibit K at 4-6), and his Petition for Review (Exhibit Q at 5).

to "involving a minor in a drug offense and dangerous crime against children."  (Exhibit G, M.E. 3/22/04 re Chg. Of Plea.)   The reference to § 13-3409 was generic, and did not differentiate between subsection (A) (1) or (A)(2).[4] Indeed, both of the crimes under § 13-3409 are referred to generically in Arizona as "involving or using minors in drug offenses." (*See* Exhibit A, Indictment at 1.) This formulation appears to be drawn from the statute which defines and establishes enhanced punishment for "dangerous crimes against children", and lists as one of those offenses the crime of "involving or using minors in drug offenses." Ariz. Rev. Stat. § 13-604.01(C) and (N)(1)(m).[5]

Similarly, the Indictment did not explicitly limit the charge to subsection (A)(1), but referred to § 13-3409 generally, and captioned the count as "Count 3: Involving or using minors in drug offenses, a Class 2 Felony." (Exhibit A at 1.)  In deed, prior to the PCR proceedings, there was no explicit reference of any sort to a particular subsection of § 13-3409(A).   This might all suggest that the entirety of §13-3409 was encompassed in Petitioner's plea.

However, the Indictment plainly, and only, referred to the "hire, employ, or use" language of subsection (A)(1).  Count 3 of the Indictment alleged:

> MARK PHILIP SULLIVAN, on or about the 12th day of March, 2003, knowingly **hired, employed, or used**, or attempted to or conspired to **hire, employ, or use** or solicited or facilitated the **hiring, employment or use** of [the victim], a minor, to engage in prohibited conduct involving marijuana, to wit: Possession of Marijuana, 13-3405, in violation of A.R.S. §§ 13-3401, 13-3405, 13-3409, 13-3418, 13-701, 13-702, 13-702.01 and 13-801.

(Exhibit A at 2 (emphasis added).)

Under Arizona law, a defendant may not plead to a charge not laid out in the indictment, unless the pled to charge is a lesser included offense.  In all other instances, the indictment must be amended, or a new information filed.  *See State v. Rogers*, 113 Ariz. 6,

---

[4] In their Answer, Respondents simply summarize the pled to offense as "involving a minor in a drug offense."  (#8 at 3.)

[5] Although the text of that statute contains no direct reference to § 13-3409, the editor's cross references do.

8, 545 P.2d 930, 932 (1976).  Thus, it must be presumed that Petitioner's plea was to the violation laid out in the Indictment.

Moreover, Petitioner's PCR filings made clear that he was challenging the applicability of subsection (A)(1), and in particular the "use" language.  (Exhibit Q, PFR at 4 ("Had this petitioner 'used' [the victim], a minor, to actually possess the marijuana within the meaning of Ariz. Rev. Stat. § 13-3409(A), such conduct would be prohibited under this statute."); Exhibit K, PCR Petition at 6 ("The Grand Jury indicted Mr. Sullivan in violation of Ariz. Rev. Stat. § 13-3409(A)(1).").)   Had the state courts believed that his plea encompassed subsection (A)(2) and its more closely applicable "sell, transfer or offer" language, then the court could have simply disposed of Petitioner's argument by referencing that language.  It did not.  To the contrary, the PCR court simply summarized the pled to charge as "Involving a Minor in a Drug Offense" and referenced "A.R.S. § 13-3409." (Exhibit N, M.E. 3/22/05 at 2, ¶¶ 2 and 4; Exhibit P, M.E. 4/25/05 at 1, ¶¶ 1 and 4.)

Based on the foregoing, the undersigned finds that Petitioner pled to the crime of "using" the minor to possess marijuana, a violation of Ariz. Rev. Stat. § 13-3409(A)(1), as restated in the Indictment.

**Factual Basis for Violation of Subsection (A)(1)** - The second question is whether there was a factual basis for a violation of subsection (A)(1).

Petitioner rightly points out that subsection (A)(1) appears aimed most directly at the commission of crimes by the principal through the assistance of the minor.  *See e.g. State v. Medina,* 172 Ariz. 287, 288, 836 P.2d 997, 998 (Ariz.App. 1992) (minors "used" to pickup load of marijuana in Mexico and smuggle it into U.S.).  Indeed, although referring to § 13-3409 generically, the court in *State v. Medina* found that the statute's "legislative purpose was to prevent minors from being used in drug transactions." *Medina,* 172 Ariz. at 289, 836 P.2d at 999.  In contrast, subsection (A)(2) appears directed to those crimes where the minor himself is the end recipient/user of the drugs.  *See e.g. State v. Jonas,* 164 Ariz. 242, 244, 792 P.2d 705, 707 (1990) (violation of (A)(2) found where defendant sold drugs to minor).

However, apart from *Medina* and *Jonas*, there are no other reported Arizona decisions

defining the import and scope of § 13-3409. Thus, this Court would be left to parsing the language of subsection (A)(1) in an effort to determine whether the state court correctly determined that subsection (A)(1) extended to the act of simply providing marijuana to a minor. That is precisely the type of general review of state law determinations that this habeas court may not undertake. Indeed, a federal court may not second-guess the state court's construction of its own state law unless "it appears that its interpretation is an obvious subterfuge to evade consideration of a federal issue." *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)). Even if this Court were convinced that the state court were unequivocally wrong, there is no indication that such error was a subterfuge. Rather, it appears at best that the state courts simply failed to take into account the restrictive language in the Indictment from subsection (a)(2) prior to applying § 13-3409 generically to the admitted conduct of Petitioner.

It is true that a federal habeas court need not blindly accept a state court's pronouncement that a given set of facts meets the elements of a state criminal statute. In *Goldyn v. Hayes*, 444 F.3d 1062 (9th Cir. 2006), the petitioner had been convicted of writing bad checks. However, the evidence showed that the checks were not "bad" because they were paid by the bank as a result of an extension of credit under a check guarantee agreement. While the Ninth Circuit acknowledged that the petitioner's failure to repay the bank may have amounted to a fraud on the bank, it did not result in the checks being "bad." 444 F.3d at 1070-1071. The court noted:

> The Nevada Supreme Court is, of course, the final arbiter on questions of state law. It has wide latitude in defining and interpreting the elements of Nevada state crimes, and we are precluded on habeas review from reexamining its determinations of state law questions. But a state court is not free to define an element out of existence, or to ignore the element entirely when upholding a criminal conviction. Such a ruling is contrary to clearly established federal law.

*Id.* at 1070 (citations omitted). The court further elucidated the point:

> For a simple example, consider a state court that is trying a murder case, where the state's definition of murder includes the requirement that the victim be dead. If there is uncontroverted evidence and a factual finding by the state court that the victim is only badly injured--say, comatose--then the state court cannot uphold the

defendant's conviction. On federal habeas review, we would be compelled to conclude that the evidence was insufficient to support the conviction. We would not be forced to accept the state court's decision to interpret "dead" as meaning "badly injured," because such an expansion of the criminal statute would violate the defendant's clearly established federal due process rights.

*Id.* at 1070 n.12 (citations omitted).

Here, the determination that providing marijuana to a minor amounted to "using" the minor to commit the a drug offense did not amount to an expansion of statutory language on the order of equating "dead" with "badly injured" or equating passing a paid and credit backed check with a bad check. If the underlying drug offense is possession of marijuana, it is not unreasonable to say that Petitioner's placement of it in the minor's hands amounted to a "using" of the minor to continue the possession. For example, while the expectation that the minor would consume the drugs, rather than return them to Petitioner, suggests that Petitioner's possession had ended, and thus he could not be "using" the minor to possess, the undersigned cannot say that such logic is so compelling that it is beyond the wide latitude to be afforded to the Arizona courts in defining their own statutes.

**Voluntariness** - Moreover, even if this Court could determine that the state was in error, and thus there was no factual basis for Petitioner's plea, that does not of itself render the plea involuntary.

The Supreme Court has stated that "[w]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective].' " *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (internal quotation marks and citation omitted). To establish that counsel was ineffective, the petitioner must prove he was prejudiced from counsel's ineffectiveness by demonstrating a reasonable probability that but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474

1 U.S. at 58-59; *Strickland v. Washington*, 466 U.S. at 694.

2      For the following reasons, the undersigned cannot find that had Petitioner known at
3 the time of his plea of the inapplicability of subsection (A)(1), that he would not have
4 proceeded with the plea regardless. First, subsection (A)(2) plainly applied to Petitioner's
5 admitted conduct.  Second, there was no disparity in the treatment of convictions under
6 subsections (A)(1) and (A)(2).  Third, the "defect" in the Indictment could have easily been
7 cured through an indictment or information.  Finally, the stipulations received by Petitioner
8 as part of his plea agreement (particularly the agreement for probation on the sexual conduct
9 with a minor charge), make it unlikely that Petitioner would have chosen differently.  Telling
10 is the fact that Petitioner never argued that he should have been counseled to plead to
11 subsection (A)(2), but that he should have been permitted to plead to lesser offenses.  (*See*
12 Exhbit K, PCR Petition at 8 (referencing "contributing to the delinquency of a child, Class
13 1 Misdemeanor" and "furnishing harmful materials to a minor, a Class 4 Felony").)

14      **Summary** - "A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on
15 the basis of some transgression of federal law binding on the state courts. It is unavailable
16 for alleged error in the interpretation or application of state law." *Middleton v. Cupp,* 768
17 F.2d 1083, 1085 (9th Cir.1985) (citations omitted), cert. denied, 478 U.S. 1021 (1986).
18 Petitioner's claim that his plea was involuntary hinges upon a reversal of the state court's
19 interpretation of § 13-3409.  Because this Court cannot execute such a reversal, it must reject
20 Petitioner's constitutional challenge to his plea.  Moreover, Petitioner has failed to show that
21 any lack of factual basis rendered his attorney's advice ineffective or his plea involuntary.
22 Accordingly, Ground One is without merit, and must be denied.

23

24                          **IV.  RECOMMENDATION**

25      **IT IS THEREFORE RECOMMENDED** that Grounds Two, Three, Four and Five
26 of Petitioner's Petition for Writ of Habeas Corpus, filed June 11, 2007 (#1) be **DISMISSED**
27 **WITH PREJUDICE**.

28      **IT IS FURTHER RECOMMENDED** that Ground One of Petitioner's Petition for

1   Writ of Habeas Corpus, filed June 11, 2007 (#1) be **DENIED**.

2

3                          **V. EFFECT OF RECOMMENDATION**

4          This recommendation is not an order that is immediately appealable to the Ninth

5   Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of*

6   *Appellate Procedure*, should not be filed until entry of the district court's judgment.

7          However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

8   have ten (10) days from the date of service of a copy of this recommendation within which

9   to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing

10  Section 2254 Proceedings.   Thereafter, the parties have ten (10) days within which to file

11  a response to the objections.  Failure to timely file objections to any factual or legal

12  determinations of the Magistrate Judge will be considered a waiver of a party's right to *de*

13  *novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

14  Cir. 2003)(*en banc*).

15

16  DATED: March 26, 2008                    _____

17                                                               JAY R. IRWIN
                                                           United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28