IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mark Philip Sullivan, | ) | No. CV 07-1157-PHX-ROS |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dora Schriro, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

On March 27, 2008, Magistrate Judge Jay R. Irwin issued a Report and Recommendation ("R&R") recommending the Petition for Writ of Habeas Corpus be denied (Doc. 14). For the reasons below, the R&R will be adopted.

**BACKGROUND**

On March 22, 2004, Petitioner pleaded guilty to "Involving a Minor in a Drug Offense" under A.R.S. § 13-3409. Petitioner admitted he provided marijuana to the 13-year-old victim, and was sentenced to 20 years. The R&R sets forth the procedural and factual history of this case and neither party objected to that background. The Court adopts the procedural and factual history of the R&R as an accurate recital.

In his Petition for Writ of Habeas Corpus, Petitioner asserts five grounds for relief: (1) he was improperly charged under A.R.S. § 13-3409; (2) ineffective assistance of counsel; (3) his sentence 20 year sentence was cruel and unusual; (4) his guilty plea was not

1  intelligently entered; and (5) an amendment to the indictment was unlawful.  The Magistrate

2  Judge recommended that Ground One be denied and that Grounds Two through Five be

3  dismissed with prejudice.  Petitioner timely filed objections.

4  **STANDARD**

5  A "district judge may refer dispositive pretrial motions, and petitions for writ of

6  habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend

7  dispositions."  Thomas v. Arn, 474 U.S. 140, 141 (1985); see also 28 U.S.C. § 636(b)(1)(B);

8  Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993).  Any party "may serve and

9  file written objections" to the R&R. 28 U.S.C. § 636(b)(1).  "A judge of the court shall make

10  a *de novo* determination of those portions of the report or specified findings or

11  recommendations to which objection is made."  Id.  A district judge "may accept, reject, or

12  modify, in whole or in part, the findings or recommendations made by the magistrate."  28

13  U.S.C. § 636(b)(1).

14  **DISCUSSION**

15  **I.     Ground One**

16  The Magistrate Judge found that Petitioner's claim that he was improperly charged

17  under A.R.S. § 13-3409 is without merit.  A.R.S. § 13-3409(A)(1) provides that a person

18  shall not knowingly "[h]ire, employ, or use" a minor to engage in certain drug related

19  conduct, including possession of marijuana.  The state court reviewing Petitioner's post-

20  conviction relief petition concluded that: "Providing marijuana to a minor satisfies the proof

21  requirements of involving a minor in a drug offense under A.R.S. § 13-3409."  Petitioner

22  argues that the Magistrate Judge erred because "[i]t is the legislature [sic] responsibility to

23  define their statutes not the Courts."

24  After a *de novo* review of the record, the Court agrees with the Magistrate Judge.

25  Petitioner's claim that he was improperly charged under A.R.S. § 13-3409 is essentially a

26  matter of a state court's interpretation of state law.  "[A] state court's interpretation of state

27  law, including one announced on direct appeal of the challenged conviction, binds a federal

28  court sitting in habeas corpus."  Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Moreover, the

Court agrees that the state court's interpretation of A.R.S. § 13-3409 was not "an obvious subterfuge to evade the consideration of a federal issue."  See Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994).

**II.    Grounds Two through Five**

The Magistrate Judge found that Grounds Two through Five of the Petition were not properly exhausted and are procedurally defaulted.  Petitioner does not object to the legal or factual basis of the Magistrate Judge's recommendation, but rather contends that he should be granted leniency because he is proceeding *pro se* and has "mental disabilities."

After a *de novo* review of the record, the Court agrees that grounds two through five were not properly exhausted and are procedurally defaulted. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("It has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts."); Reed v. Ross, 468 U.S. 1, 11 (1984) ("When a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief absent a showing of "cause and actual prejudice."); Coleman v. Thompson, 501 U.S. 722, 753 (1991) ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him.").

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED**.

**IT IS FURTHER ORDERED** Ground One of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** Grounds Two, Three, Four, and Five of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

1    DATED this 1st day of August, 2008.

2

3

4

5

6

7

8                                     Roslyn O. Silver
                                United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28